IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIANA CREWS,

    Plaintiff,

    v.

PLATOLENE 500, Inc.,

    Defendant.

Case No. 05-CV-4033-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on defendant Platolene 500, Inc.'s (Platolene) motion for summary judgment (Doc. 14). Plaintiff Diana Crews (Crews) has responded to Platolene's motion (Doc. 34) and moved to strike its affidavit in support thereof (Doc. 32). Platolene has replied to Crews's response (Doc. 35) and responded to her motion to strike (Doc. 33). For the following reasons, Crews's motion to strike will be **DENIED** and Platolene's motion for summary judgment will be **GRANTED**.

## BACKGROUND

Platolene operates a gas station and convenience store in Olney, Illinois. On February 7, 2003, Crews slipped and fell on some ice on Platolene's property. She claims Platolene negligently failed to remove the ice upon which she fell and that her fall caused her serious injuries. Crews's general account of the incident is not disputed. On the date she fell, Crews filled her car with gas at Platolene's gas station and walked inside to pay. While walking back to her car after paying for her gas, she slipped on some ice as she walked between gas pumps. Though the ice was "rough in spots," the ice she slipped on was "smooth." (Doc. 14, Ex. A at 5). Whatever snow was on the

ground was "over to the side. It was scooted." (*Id*.). When asked if the ice was there "from melting snow," she said she did not know. (*Id*. at 5-6). When asked if she had "any idea" how the ice got there, she said, "it had snowed the day before." (*Id*. at 6). Though she could not say whether the snow had been shoveled, she did say that it "looked like it had been scraped in places." (*Id*. at 7). She came to this conclusion because the "snow was bunched up a little bit." (*Id*.).

## ANALYSIS

Platolene claims it is entitled to summary judgment because the ice Crews slipped on was the product of natural accumulation. Under Illinois law, applicable here as this is a diversity action, a property owner has no duty to remove a natural accumulation of ice from his property. *Russell v. Village of Lake Villa*, 782 N.E.2d 906, 909 (Ill. App. Ct. 2d Dist. 2002); *Nowak v. Coghill*, 695 N.E.2d 532, 537 (Ill. App. Ct. 2d Dist. 1998). Crews agrees that the natural accumulation rule, if applicable, would bar her suit. She claims, however, that summary judgment on the application of the rule is inappropriate because the origin of the ice is a disputed issue of material fact. Crews has also moved the Court to strike the affidavit of Kelly Gottfried (Gottfried), the manager of Platolene's gas station and convenience store, claiming it is both conclusory and irrelevant.

### I.    Motion to Strike

In her one-page affidavit, Gottfried made two statements relevant here: "Any snow or ice in front of the store, under the canopy and between the pumps would be naturally occurring[,]" and "Platolene . . . did nothing to put snow or ice between the pumps." (*Id*.). Crews claims Gottfried's failure to provide the basis for her statements (*e.g.*, that she did not witness any employee shoveling the snow) is a critical error requiring the striking of the affidavit. Additionally, she believes Gottfried's assertion that the ice was "naturally occurring" is an impermissible legal conclusion that

has no bearing on the relevant issue of fact, whether the ice was the product of natural accumulation. For its part, Platolene defends the simplicity of Gottfried's affidavit by emphasizing its simple purpose: someone in a position to know whether Platolene (or its agents) changed the status quo after the snowstorm says that it did not. It claims Gottfried's affidavit was based on her personal knowledge because she was the manager the day of Crews's fall. Similarly, Platolene claims her statement on the origins of the ice was not a legal conclusion, but a factual statement supported by her position as manager, which gave her the opportunity to see what contributed to the formation of the ice at issue.

Federal Rule of Civil Procedure 56(e) requires affidavits in support of motions for summary judgment to be based on personal knowledge. As Gottfried was the manager on duty on the day of Crews's fall, she had personal knowledge of the events described in her affidavit. Though brief and somewhat conclusory, her position as manager that day put her in the position to know whether any Platolene employee shoveled or cleared the snow and ice that accumulated on the premises. Her failure specifically to identify which activities did not take place that day does not make her affidavit impermissible. Her description of the snow and ice as "naturally occurring" does indeed sound similar to "natural accumulation." This choice of words was unfortunate, but the Court sees no reason why she was not in a position to, or incapable of, speaking to the source of the ice. Accordingly, Crews's motion to strike is **DENIED**.

## II.     Summary Judgment Motion

### A.     Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. The moving party has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotations and citations omitted); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

      **B.**    **Natural Accumulation Rule**

The dispute in this case centers on the formation of the ice between the gas pumps. As mentioned, a property owner has no duty to remove a natural accumulation of ice from his property, *Russell*, 782 N.E.2d at 909, and no duty to warn of such condition, *Newcomm v. Jul*, 273 N.E.2d 699, 701 (Ill. App. Ct. 3d Dist. 1971); *Mulvihill v. United States*, Case No. 00-C-3495, 2001 WL

686786, at *2 (N.D. Ill. June 15, 2001); *Walker v. Chicago Transit Auth.*, 416 N.E.2d 10 (Ill. App. Ct. 1st Dist. 1989).  *But see Weber v. Chen Enter., Inc.*, 540 N.E.2d 957, 958 (Ill. App. Ct. 3d Dist. 1989).

In the absence of evidence that the ice was the result of an unnatural or artificial accumulation, the Court must infer that it was a natural accumulation. *See, e.g., Weber*, 540 N.E.2d at 959; *Harkins v. Sys. Parking, Inc.*, 542 N.E.2d 921, 924 (Ill. App. 1 Dist. 1989); *see also Rose v. United States*, 929 F.Supp. 305, 308 (N.D. Ill. 1996).  Here, Platolene has presented evidence showing that the ice was the product of natural accumulation.  As such, Crews must set forth facts demonstrating that the ice accumulated unnaturally. *Borello*, 446 F.3d at 748; *Rose,* 929 F.Supp. at 308; *Crane v. Triangle Plaza, Inc.*, 591 N.E.2d 936, 940 (Ill. App. Ct. 2d Dist. 1992).  To meet this burden, Crews must present an "identifiable cause of the ice formation[,]" *Crane,* 591 N.E.2d at 940; *Gilberg v. Toys R Us, Inc.*, 467 N.E.2d 947, 950 (Ill. App. 1st Dist. 1984); she must establish a nexus between Platolene's actions and the ice upon which she slipped, *see, e.g., Rose*, 929 F.Supp at 309; *Crane*, 591 N.E.2d at 940.

If a defendant removes snow, leaving ice on the ground, that ice is not necessarily an unnatural accumulation. *Erasmus v. Chicago Hous. Auth.*, 407 N.E.2d 1031, 1033 (Ill. App. Ct. 1st Dist.  1980) ("Mere removal of snow, which leaves a natural accumulation of ice on the surface, does not of itself constitute negligence."); *McCann v. Bethesda Hosp.*, 400 N.E.2d 16, 19 (Ill. App. Ct. 1st Dist. 1979) (collecting cases); *see generally Webb v. Morgan*, 531 N.E.2d 36, 39 (Ill. App. Ct. 5th Dist. 1988) ("The general assumption is that the industry displayed by citizens removing snow after a snowfall is desirable if not necessary.") (internal quotation marks and citations omitted).  Even when it is clear that a defendant has cleared snow, the plaintiff must show "that the

exposed stratum of ice was itself an unnatural accumulation, created directly or indirectly by the defendant." *Erasmus*, 407 N.E.2d at 1033. A showing that the ice was "bumpy," lumpy," or "hard," is insufficient. *Rose*, 929 F.Supp. at 309 (quoting *Harkins*, 542 N.E.2d at 924). Similarly, "[r]uts and uneven surfaces created by traffic in snow and ice are not considered unnatural and cannot form the basis for liability." *Harkins*, 542 N.E.2d at 924; *Erasmus*, 407 N.E.2d at 1033 ("The pedestrian traffic that, presumably, created the rutted and uneven surface cannot be considered "unnatural" on an urban sidewalk."). As one court said: "It is well established in Illinois that where . . . snow has fallen naturally, the mere fact that traffic usage and fluctuating temperatures have molded the snow into an uneven surface of ruts and ridges does not demonstrate an unnatural accumulation of snow or ice." *Galivan v. Lincolnshire Inn*, 497 N.E.2d 1331, 1332 (Ill. App. Ct. 2d Dist. 1986).

Crews has not met her burden. She has not identified any actions taken by Platolene or its agents and, therefore, she has failed to establish the requisite nexus between an action taken by Platolene and the formation of the ice at issue here. That it may have looked like the ice and snow had been "scraped" or "scooted," without more, is insufficient as a matter of law. *See, e.g., Erasmus*, 407 N.E.2d at 1033; *McCann*, 400 N.E.2d at 19-20; *Rose*, 929 F.Supp. at 309.

A review of the cases applying the natural accumulation rule solidifies this conclusion. In *Erasmus v. Chicago Housing Authority*, the plaintiff claimed that the Chicago Housing Authority's (CHA) negligence caused her to slip and fall on some ice on the sidewalk in front of her home. 407 N.E.2d at 1033. She put forth evidence that a CHA employee had cleared the snow from the sidewalk in front of her home, and in so doing, exposed the "thick rutted ice beneath." *Id*. Because she "offered no facts which would allow a jury to find that the ice on the sidewalk was anything other than a natural accumulation[,]" the court found that the ice was the product of natural

accumulation. *Id*. Similarly, in *McCann v. Bethesda Hospital*, the court found the fact that defendant had plowed its parking lot, did not, by itself, support the conclusion that the ice plaintiff slipped on was an unnatural accumulation. 400 N.E.2d at 19. It is clear, therefore, that to survive summary judgment, a plaintiff must do more than show that a defendant cleared snow and ice away from the area where she fell.

*Madeo v. Tri-Land Props., Inc.*, 606 N.E.2d 701, 703-04 (Ill. App. Ct. 2d Dist. 1992), was another slip and fall/natural accumulation case where the plaintiff did not survive summary judgment. There, plaintiff presented evidence that the defendant had piled up snow on one side of its parking lot, and that the lot sloped down toward the patch of ice upon which she fell. She used this information and meteorological data (showing that the temperature significantly fluctuated above and below freezing after defendant created the snow pile before she slipped on the ice) to support her contention that the melting snow created runoff that formed the ice upon which she slipped. The court found that plaintiff failed to show a sufficient nexus between defendant's activities and the ice upon which she fell. *Id*. Similarly, in *Crane v. Triangle Plaza, Inc.*, though the plaintiff showed that defendant had created unnatural piles of snow on one side of its property, her reliance on that fact alone to support her contention that runoff from the piles created the ice was nothing more than "complete speculation." 591 N.E.2d at 940-41. Her speculation, without more, was insufficient to establish the requisite nexus. *Id*.

Here, Crews has not even speculated as to the cause of ice she slipped on. The only evidence Crews points to is her supposition that Platolene had scraped or scooted the snow because the snow was "bunched up." This is plainly insufficient. *See Rose*, 929 F.Supp. at 309; *Erasmus*, 407 N.E.2d at 1033. Platolene has made no conclusive admissions and Crews has not introduced the testimony

of anyone showing that Platolene's actions created the ice at issue here. *See Madeo*, 606 N.E.2d at 703-04 (citing *Fitz Simons v. Nat. Tea Co.*, 173 N.E.2d 534, 538 (Ill. App. Ct. 2d Dist. 1961)); *Webb*, 531 N.E.2d at 39-40. As in *Crane*, Crews has done nothing more than speculate as to the source of the ice. Her failure to present evidence as to the source of the ice has doomed her claim. *See Crane*, 591 N.E.2d at 940; *Gilberg v. Toys R Us, Inc.*, 467 N.E.2d 947, 950 (Ill. App. 1st Dist. 1984). Platolene's motion for summary judgment is **GRANTED**.

## CONCLUSION

Crews's motion to strike (Doc. 32) is **DENIED**. Platolene's motion for summary judgment (Doc. 14) is **GRANTED.** The Court **DIRECTS** the **Clerk of Court** to enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: July 19, 2006.**

                                            **s/ J. Phil Gilbert**
                                            **J. PHIL GILBERT**
                                            **U.S. District Judge**